**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello**

Civil Action No. 10-cv-03101-CMA

DANIEL L. ROSALES,

    Applicant,

v.

KEVIN MILYARD, Warden, S.C.F., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

**ORDER TO DISMISS IN PART AND FOR ANSWER**

---

### I. BACKGROUND

Applicant Daniel Rosales is in the custody of the Colorado Department of Corrections at the Sterling, Colorado, Correctional Facility. Mr. Rosales, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order entered on March 22, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if Respondents intend to raise either or both of those affirmative defenses in this action. On April 6, 2011, Respondents filed their Pre-Answer Response. Mr. Rosales filed a Reply on May 3, 2011.

Mr. Rosales was convicted by a jury of two counts of first degree murder after deliberation, two counts of first degree murder, one count of first degree burglary, one

count of second degree assault, and one count of violating a restraining order in Jefferson County District Court Case No. 01CR3022 and was sentenced to two life sentences plus sixteen years. Mr. Rosales filed a direct appeal. The Colorado Court of Appeals (CCA) affirmed Mr. Rosales's conviction and sentence. *See People v. Rosales*, 134 P.3d 429 (Colo. App. Aug. 9, 2006). Mr. Rosales then filed a petition for certiorari review with the Colorado Supreme Court (CSC), which the CSC denied on May 22, 2006. Exs. Supporting Resp. (Doc. # 19) at Att. 4. Mr. Rosales also filed a Colo. R. Crim. P. 35(c) postconviction motion on May 7, 2007. The state trial court denied the motion, Mr. Rosales appealed, and on March 26, 2009, the CCA affirmed the trial court's denial. *Id.* at Att. 8. Mr. Rosales petitioned for a writ of certiorari from the CSC, which was denied on September 7, 2010. *Id.* at Att. 9.

Mr. Rosales asserts nine claims in the Application, including:

(1)  Trial court error in allowing the jury instruction on self-induced intoxication;

(2)  Prosecutorial misconduct in closing argument;

(3), (4), (5)  Trial court error in imposing restitution after Mr. Rosales had filed his notice of appeal violating double jeopardy laws and his right to due process;

(6)  Ineffective assistance of trial counsel for failing to: (1) investigate Mr. Rosales's intoxication the night of the murders; (2) interview Mr. Rosales's girlfriend regarding his assault on her and to interview jail intake personnel regarding Mr. Rosales's intoxication level; (3) present a provoked heat of passion defense; (4) obtain independent blood analysis; (5) advise Mr. Rosales before he waived his right to testify that only one witness would testify for the defense; and (6) object to the intoxication instruction, the prosecution's comments during voir dire and closing argument,

and the prior act evidence which was inadmissible under Colo. R. Evid. 404(b);

(7)  The postconviction court's decision not to hold an evidentiary hearing;

(8)  The postconviction court's violation of state civil and criminal rules in denying Mr. Rosales's request to amend the Rule 35(c) motion and for an evidentiary hearing; and

(9)  Ineffective assistance of postconviction counsel.

Respondents concede the action is timely, but contend that parts of Claim Six and all of Claims Eight and Nine are barred from federal habeas review.[1]  *See* Pre-Answer Resp. at 10-12.

## II.  **ANALYSIS**

The Court must construe liberally the Application and Reply because Mr. Rosales is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state court remedies or that no adequate state court remedies are available or effective to protect the applicant's rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion

---

[1] Although Respondents state on Page Four of the Pre-Answer Response that Claims Seven and Eight should be barred from federal habeas review, on Pages Twelve and Thirteen of the Response, Respondents contend that Claim Seven is exhausted and Claims Eight and Nine are barred.  Respondents' referral to Claim Seven on Page Four is a typographical error.

requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. People*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**A.  CLAIM SIX**

In Claim Six, Mr. Rosales sets forth six subclaims of ineffective assistance of counsel.  Respondents argue that not all of the six claims were presented to the CCA and only those that the CCA addressed on appeal are available for federal habeas

4

review. Upon review of the CCA's opinion addressing Mr. Rosales's ineffective assistance of counsel claims, the Court finds the following claims were addressed: (1) failure to object to the self-induced intoxication jury instruction; (2) failure to object to the prosecutor's closing argument concerning the intoxication defense; (3) failure to investigate and present additional evidence of intoxication, including expert witness testimony; (4) failure to present a heat of passion defense; and (5) failure to advise Mr. Rosales before he waived his right to testify that only one witness would be testifying in his behalf. Exs. Supporting Pre-Answer Resp., Att. 9 at 8-21. The CCA refrained from addressing Mr. Rosales's claim that trial counsel was ineffective in failing to object to evidence pursuant to Colo. R. Evid. 404(b), because he did not raise the claim in his Rule 35(c) postconviction motion in the state district court. *Id.* at 20-21. The CCA also found that all of the claims Mr. Rosales raised in the district court but did not raise on appeal are abandoned. *Id.* at 21.

The Court has reviewed the Rule 35(c) postconviction motion that Mr. Rosales filed in the state district court and the opening brief that he filed in his appeal of the Rule 35(c) motion. In the postconviction motion, Mr. Rosales raised twenty-eight alleged instances of trial counsel's ineffective assistance of counsel.[2] In the opening brief on

---

[2] In the Rule 35(c) postconviction motion before the district court, Mr. Rosales asserted that trial counsel failed to:
    (1) Investigate and gather exculpatory evidence and subpoena witnesses;
    (2) Interview tow truck driver;
    (3) Interview victim Candace Monti about events prior to her assault by Mr. Rosales;
    (4) Question all government witnesses to show severe intoxication;
    (5) Obtain a list of the prosecution's witnesses;
    (6) Failure to investigate mental capacity during crime;
    (7) Investigate brain damage from previous injury and affects of drinking and drug use;

appeal Mr. Rosales asserted the following: (1) failure to present additional expert testimony regarding his depression and brain damage and to obtain additional testing of blood samples taken from him at the time of his arrest to show blood alcohol levels; (2) failure to present a defense of heat of passion; (3) failure to advise him before he waived his right to testify that only one witness would be testifying for the defense; (4) failure to object to the prosecution's argument during rebuttal; and (5) failure to object to

---

(8) Hire expert to determine mental health issues, intoxication, and ballistics;
(9) Request mental and physical examination after the crime and talk with booking fficers and case manager and have each testify;
(10) Have independent studies of blood for cocaine and alcohol content and preserve blood samples;
(11) Investigate and present exculpatory evidence;
(12) Visit Mr. Rosales at county jail on regular basis and review discovery;
(13) Make a record of prosecutorial misconduct and *Brady* violations;
(14) Object to speedy trial violations and coercion to defer arraignment;
(15) Ask for change of venue;
(16) Include Anthony Thompson's prior felony conviction for impeaching his testimony and credibility;
(17) Impeach Stephanie Kluever's testimony;
(18) Provide evidence at trial that Mr. Rosales was not aware that Jason Hegner, a victim, was in Colorado at the time of the murder;
(19) Provide heat of passion and voluntary manslaughter defenses and to challenge duplicitous charges of felony murder and first degree murder after deliberation;
(20) Use the adultery defense at trial and other proceedings;
(21) Call character witnesses on Mr. Rosales's behalf and to interview prosecution's witnesses and expose their deceitful characters;
(22) Use and test the State's exculpatory scientific evidence regarding the level of intoxication;
(23) Simplify the defenses available by using real/demonstrative evidence during trial and closing;
(24) Object to the highly prejudicial remarks by the prosecution during opening and closing;
(25) Object to the faulty jury instructions regarding second degree murder, heat of passion, voluntary manslaughter, and heat of passion, third degree assault;
(26) Object to the judge's sentencing order regarding restitution and to state on the record that Mr. Rosales's desire to be present at sentencing; and

*People v. Rosales*, 01CR3022, Flat File at 293-346 (Dis. Ct. June 6, 2006).  Mr. Rosales also asserted that trial counsel coerced him into not testifying and that trial counsel was ineffective based on the cumulative errors.  *Id.*

the jury instruction regarding intoxication.  Mr. Rosales also asserts in the opening brief that had counsel been appointed by the district court, he would have raised an additional ineffective assistance claim before the district court regarding inadmissible testimony.  Mr. Rosales further asserts appellate counsel was ineffective in not raising the inadmissible testimony error on direct appeal.

Mr. Rosales further argues in the opening brief that expert testimony would have shown that he unknowingly waived his *Miranda* rights and that the statements to the police should have been suppressed.

The Court has reviewed the ineffective assistance of counsel claims that Mr. Rosales raised in his Rule 35(c) postconviction motion, in his opening brief on appeal, and in the instant action.  The Court finds the following claims are the only ones that have been raised in all three proceedings: (1) failure to investigate his level of intoxication the night of the murders; (2) failure to interview jail intake personnel about his intoxication level at the time of his arrest; (3) failure to present a provoked heat of passion defense; (4) failure to obtain independent blood analysis; (5) failure to advise Mr. Rosales before he waived his right to testify that only one witness would testify for the defense; (6) failure to object to the intoxication instruction; and (7) failure to object to the prosecution's comments during closing argument.

The remaining ineffective assistance claims, including (1) failure to interview Mr. Rosales's girlfriend regarding her assault by Mr. Rosales; (2) failure to object to the prosecution's comments during voir dire; and (3) failure to object to the prior act

evidence that was ruled inadmissible under Colo. R. Evid 404(b) either were not raised on appeal, or at the district court level, or both, and are unexhausted.

If it is obvious that an unexhausted claim would be procedurally defaulted in state court the claim is held procedurally barred from federal habeas review. *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).  The Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions.  *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII).  The exceptions are not applicable to Mr. Rosales's unexhausted ineffective assistance claims.  *Id.*  Thus, the three ineffective assistance claims identified above are subject to an anticipatory procedural bar.  *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n. 7 (10th Cir. 2007).

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman*, 501 U.S. at 730.  Mr. Rosales's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Construing his Application and all other pleadings liberally, Mr. Rosales does not argue any basis for finding prejudice and a miscarriage of justice for failing to raise the

three ineffective assistance of counsel claims. To demonstrate cause for his procedural default, Mr. Rosales must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). Ineffective assistance of counsel may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Mr. Rosales, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89.

Although Mr. Rosales's attorney on appeal of the Rule 35(c) postconviction motion argued that the Rule 404(b) claim would have been raised in Mr. Rosales's Rule 35(c) postconviction motion before the district court if counsel had been appointed, this argument does not establish cause for excusing a procedural default. Mr. Rosales does not have a constitutional right to counsel in a postconviction motion. *See Hyberg v. Milyard*, No. 11-1188, 2011 WL 3605793 (10th Cir. Aug. 17, 2011) (The right to counsel only extends during trial and the first appeal of right.) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of

the effective assistance of counsel by his retained counsel's failure to file the application timely.")).  Therefore, there was no interference by officials that made compliance with the State's procedural rule impracticable.  The Court need not address whether Mr. Rosales has shown prejudice because he has failed to demonstrate cause.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.  A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  In order to demonstrate a fundamental miscarriage of justice, Mr. Rosales first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."  *Id.*  Mr. Rosales then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  Mr. Rosales fails to present any new reliable evidence that demonstrates he is actually innocent.

Therefore, the three unexhausted ineffective assistance of counsel claims are barred from federal habeas review.

**B.   CLAIM EIGHT**

In Claim Eight, Mr. Rosales asserts that the state district court violated state civil and criminal rules when it denied his request to amend his Rule 35(c) postconviction motion and for an evidentiary hearing.  Respondents argue that Mr. Rosales does not appear to have presented this claim to any Colorado court.  Respondents summarily

conclude that because the claim is not exhausted, and could not now be exhausted, it is procedurally defaulted.

In his Reply, Mr. Rosales asserts that not until he appealed the district court's denial of his Rule 35(c) postconviction motion did he discover that the district court had appointed counsel prior to dismissing the motion. Mr. Rosales further contends that on February 6, 2008, the CCA granted a limited remand and deferral of ruling in his Rule 35(c) motion on appeal so that counsel could be appointed and Mr. Rosales could amend his Rule 35(c) in district court. Mr. Rosales claims that counsel prematurely filed an opening brief in the CCA and did not amend the Rule 35(c) postconviction motion in district court as the CCA's order directed.

Upon review of the state court docket in Case No. 01-CR-3022, the Court has found that there was an order entered by the district court on May 29, 2007, that states appointment of counsel was appropriate to determine the merit of the claims Mr. Rosales raised in his Rule 35(c) postconviction motion. *Rosales*, No. 01-CR-3022, Flat File at 348. There, however, is no entry of appearance of counsel on the docket, and the district court, on August 10, 2007, denied both Mr. Rosales's motion for appointment of counsel and his Rule 35(c) motion.

The Court also finds that Mr. Rosales, acting *pro se*, filed a notice of appeal on September 26, 2007, and a motion for limited remand on December 31, 2007, requesting that the CCA remand his appeal to the trial court to address his motion to reconsider the denial of his Rule 35(c) motion. Subsequent to Mr. Rosales filings on appeal, two separate orders were entered by the CCA addressing the motion for limited

remand. One was entered on December 31, 2007, denying the motion for a limited remand. *Id.* at 442. The other order entered on February 8, 2008, defers the ruling on the motion for remand. *Id.* at 448. The CCA also, in the February 8 Order, found that it was not clear if the district court appointed counsel and whether Mr. Rosales was eligible for counsel on appeal. *Id.* The CCA ordered the public defender to review Mr. Rosales's notice of appeal and pleadings filed in the appeal and to determine if Mr. Rosales was eligible for representation by the public defender's office. *Id.* The CCA further directed the public defender's office to respond within thirty days and indicated a new opening brief date would be set once the issues raised in the order were resolved. *Id.* Other entries in the state district court record include requests by Mr. Rosales's attorney for transcripts to supplement the record on appeal, and an order by the CCA granting the request to supplement and instructing counsel for Mr. Rosales that the opening brief was due thirty days after the supplement was filed. *Id.* at 450 and 456. Counsel, on Mr. Rosales's behalf, filed an opening brief on appeal on June 26, 2008, with respect to the Rule 35(c) postconviction motion, *see* Exs. Supporting Resp. at Att. 5, and the CCA denied the appeal on March 26, 2009, Flat File at 478. Although the record appears less than complete, nothing in the CCA's order deferring a decision on a remand indicates that the CCA appointed counsel to assist Mr. Rosales in amending the Rule 35(c) postconviction motion that he filed in the state district court.

Errors in the context of state court postconviction proceedings do not raise cognizable federal constitutional issues because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551,

557 (1987).  Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim."  *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele*, 11 F.3d at 1524 (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Based on the above findings, Claim Eight only focuses on the state court's post-conviction remedy and not the judgment which provides the basis for his incarceration.  The claim fails to state a cognizable federal habeas claim.  This claim, therefore, will be dismissed for failure to state a federal constitutional claim.

**C.  CLAIM NINE**

In Claim Nine, Mr. Rosales asserts that his postconviction counsel was ineffective in not amending his Rule 35(c) motion in state district court before filing an opening brief on appeal.   Respondents assert that Claim Nine has not been presented in any state court.  Mr. Rosales asserts this claim is exhausted because he presented the claim to the CSC in a C.A.R. 21 petition.  *See* Reply (Doc. # 18) at 3.

A Rule 21 petition does not satisfy the requirement that Mr. Rosales must exhaust his state court remedies.  If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  *Castille*, 489 U.S. at 351; *see*

also *Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The CSC, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. See *Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

Furthermore, the denial of an original petition for an extraordinary writ by the CSC does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Accordingly, filing a petition that the CSC, in its discretion, may deny is not sufficient to exhaust state court remedies. See *Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009). Moreover, the CSC did not address the merits of the claims he raises in this action. See *Rosales*, 01CR3022, Flat File at 580.

The Court finds that Mr. Rosales has failed to invoke one complete round of Colorado's established appellate review process, and therefore, failed to exhaust Claim Nine. See *O'Sullivan*, 526 U.S. at 845.

Under Rule 35(c)(VII)(a), Mr. Rosales has the opportunity to raise a second postconviction motion regarding the alleged ineffective assistance of postconviction counsel. Furthermore, under Colo. Rev. Stat. § 16-5-402, there is no limitation for collateral attack upon a trial judgment for a person convicted of a class one felony. Nonetheless, to the extent Mr. Rosales's ineffective assistance of postconviction counsel claim rises to the level of a constitutional violation, and Mr. Rosales desires to return to state court to exhaust the claim, it is, as are all of the claims set forth in this action, subject to the time bar set forth under 28 U.S.C. § 2244(d).

If an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").

The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Rosales also will be timely.

Nonetheless, Claim Nine fails to state a federal constitutional claim because Mr. Rosales does not have a constitutional right to counsel in his Rule 35(c) postconviction motion. *See Hyberg*. This claim, although unexhausted, will be dismissed for failure to state a federal constitutional claim. 28 U.S.C. § 2254((b)(2).

### III. <u>CONCLUSION</u>

Accordingly, it is

ORDERED that three of the ineffective assistance of counsel claims in Claim Six, including (1) failure to interview Mr. Rosales's girlfriend regarding her assault by Mr. Rosales; (2) failure to object to the prosecution's comments during voir dire; and

(3) failure to object to the prior act evidence that was ruled inadmissible under Colo. R. Evid. 404(b) are DISMISSED as procedurally barred from federal habeas review.  It is

FURTHER ORDERED that Claims Eight and Nine are DISMISSED for failure to state a federal constitutional claim.  It is

FURTHER ORDERED that within thirty days Respondents are DIRECTED to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One through Claim Five, the remaining parts of Claim Six, and Claim Seven.  It is

FURTHER ORDERED that within thirty days of the filing of the answer Plaintiff may file a reply if he desires.  Plaintiff's Motion to Amend and Supplement the Sec. 2254 Pleadings (Doc. # 26) is GRANTED and Plaintiff may include such amendment or supplement in his reply.  It is

FURTHER ORDERED that no order for the state court record will issue as the record already has been secured by the Court.

DATED:  November   30  , 2011

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge