**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello**

Civil Action No. 10-cv-03101-CMA

DANIEL L. ROSALES,

     Applicant,

v.

KEVIN MILYARD, Warden, S.C.F., and
JOHN SUTHERS, The Attorney General of the State of Colorado,

     Respondents.

---

**ORDER DENYING MOTION TO RECONSIDER**

---

Applicant Daniel L. Rosales, acting *pro se*, filed a Response to Order to Dismiss

and Reconsideration (Doc. # 29) on December 22, 2011, and asked that the Court

reconsider the dismissal of Claims Eight and Nine and the subclaim under Claim Six

that pertains to the inadmissibility of the prior act evidence under Colo. R. Evid. 404(b).

The Court must construe the Response liberally because Mr. Rosales is not repre-

sented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the

Response will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P.

59(e) and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-

eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will

consider Mr. Rosales's Response filed pursuant to Rule 59(e) because the Motion

was filed within twenty-eight days after the Order to Dismiss in Part was entered in this

action on November 30, 2011.  *See Van Skiver*, 952 F.2d at 1243 (stating that motion to

reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of

that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to

present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324

(10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is

appropriate when "the court has misapprehended the facts, a party's position, or the

controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already

addressed or to advance arguments that could have been raised previously.  *See id.*

The Court dismissed Claims Eight and Nine for failure to state a federal

constitutional claim and the Rule 404(b) subclaim as procedurally barred.  Nothing

Mr. Rosales argues in his Motion addresses how either Claim Eight or Claim Nine raises

a federal constitutional claim that should be considered on the merits.  As for the Rule

404(b) claim, Mr. Rosales concedes that he does not have a constitutional right to

counsel in a postconviction filing.  Mr. Rosales, therefore, has not established cause for

excusing the procedural default in the Rule 404(b) subclaim.

3

Upon consideration of the Motion and the entire file, the Court finds that

Mr. Rosales fails to demonstrate some reason why the Court should reconsider

and vacate the November 30 Order to Dismiss in Part.  Accordingly, it is

ORDERED that the Response to Order to Dismiss and Reconsideration, Doc.

# 29, filed on December 22, 2011, is construed as a Motion to Reconsider filed pursuant

to Fed. R. Civ. P. 59(e) and is DENIED.  It is

FURTHER ORDERED that Mr. Rosales's request to supplement, Doc. # 26,

is DENIED AS MOOT based on the Court's November 30, 2011 Order.  It is

FURTHER ORDERED that the request for counsel (Doc. # 28) is DENIED

AS PREMATURE.

DATED:  February __02__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge